Sidney Squire, J.
The claimants are husband and wife. In this case, she sues to recover damages for her personal injuries, and he, for the loss of her services and for her medical attention.
The notice of intention to file claim was filed and served on June 17, 1957. The claim (pleading) was filed and served on March 20, 1959. Each of the foregoing acts was timely.
On Monday, March 25, 1957, claimant was a passenger on a bus which was being driven on New York State Route 119, also known as Tarrytown Road, in the Town of Greenburgh, County of Westchester, proceeding westerly.
There was a bus stop at the northeast corner of said Tarry-town Road and Warren Avenue. At about 5:00 p.m., on said day, when the bus stopped at about where the concrete road and shoulder met, away from the curb, claimant alighted from the right center exit of the bus and fell to the roadway. No one else was getting off: the bus from said exit at that time. Another man who testified, Mr. Charles Arrington, was using the right front exit of the bus but was not an eyewitness to claimant’s fall. At the time, claimant was 5 feet 2 inches in height and weighed about 200 pounds.
These claimants also instituted an action in the County Court of Westchester County against Westchester Street Transportation Co. Inc., as defendant. The latter owned and operated the bus from which Mrs. Nowlin was descending at the aforerecited corner. In March of 1961, said action was settled and discontinued during trial, for $1,500 paid to both claimants herein. They executed and delivered their restricted release to the Westchester defendant. Said release expressly reserved the releasors’ claims and causes of action against the defendant herein, the State of New York.
There were sharp issues of fact on the trial before me. The proof, oral, written and pictorial, does not satisfy me that she fell in one of the holes of the center shoulder, maintained and controlled by the defendant. There were significant contradictions between claimants ’ version of the facts on direct examination before me and her earlier testimony under oath on an examination before trial conducted by the bus company’s lawyers over four years before the instant trial. Moreover, the lady claimant was not truthful as to her prior and subsequent treatments at Grasslands Hospital, concerning other occurrences. The excellent cross-examination developed these and other pivotal material discrepancies.
*956 Claimant has failed to prove the defendant’s liability for the occurrence aforesaid. Her proof did not preponderate.
After claimant fell, she was helped to the curb. Later, a police car transported her to Grasslands Hospital in Valhalla. An X ray of her left ankle indicated no fracture. She had pain. Her ankle was strapped. At about 9:00 p.m., of that day, her husband took her home by automobile. The next day, she was examined by a Dr. Newman of Ossining, at her home. The lady remained in bed for about two weeks with a swollen and painful ankle, using a cane when she walked. During the next six weeks, her ankle remained swollen and was painful when she walked.
She was also treated by a Dr. Bettman six times at his office where her ankle was X-rayed again and whirlpool bath administered. About a year later, heat was applied and massages given at the office of Dr. David A. Lubarsky. He was the only physician who testified before me. The several reasonable values of the medical services are as follows: $6 for Dr. Newman, $35 for Dr. Bettman and $90 for Dr. Lubarsky.
The claimants have not sustained their legal burdens to prove the defendant’s negligence herein and Mrs. Nowlin’s freedom from contributory negligence. The defendant’s motions made at the close of claimants’ case and at the end of the entire trial (upon which decisions were reserved) are now granted. The defendant is entitled to judgment dismissing claimants’ causes of action.